LEMMON, Judge
(dissenting).
In this case there was neither a transcript of the testimony, a written narrative of facts agreed upon by the parties, nor a *659 written narrative of facts by the trial judge. Therefore the finding of contributory negligence must stand or fall on the reasons for judgment (which is not a narrative of facts, since it does not contain all of the facts but only those necessary for the trial judge’s conclusion). The reasons were requested and furnished after judgment was rendered, and state in pertinent part as follows:
“In going over the notes taken when Mr. Mitchell testified the Court finds that he was headed South on La. #23 and that he did make a left turn into on coming traffic and that after he had left the highway he was struck by the vehicle driven by Mr. Aube.
“The notes taken during Mr. Aube’s testimony show that he was headed North on La. #23 and that he saw the other vehicle turn left into his lane of travel when he was from 300 feet to 500 feet away. He put on his brakes and froze at the wheel.
“There was no testimony to dispute the fact that the point of impact was on the west side of La. #23 completely off the main highway. None of the other witnesses called saw a thing.
“The Court in rendering its decision found that Mr. Mitchell was negligent in making a left turn and Mr. Aube was contributorily negligent in failing to keep his vehicle under control.”
The conclusion that both parties were negligent in the respects assigned is impossible if Aube was 300 to 500 feet away when Walker executed his left turn.[1] If the distance is correct, Walker’s left turn was safe and non-negligent.
Therefore, I believe that the trial court judgment is self-evidently in error, either in the conclusion of concurrent negligence or in the factual determination of 300 to 500 feet in distance.
If we had a complete record before us, we could resolve this inconsistency on appellate review. Without some form of ré-sumé of the testimony, I believe that justice would best be served by a new trial, and I would remand for that purpose.
I am not unmindful, in voting for a new trial, that defendant Walker will be forced to undergo this expense and will suffer a hardship to that extent if he is repudiated after retrial. However, statements in Walker’s deposition, considered together with other facts admitted or otherwise shown in the record, convince me that his version of the accident is not believable (and the trial judge so found). Therefore, a grave doubt exists as to Aube’s contributory negligence (the key issue on this appeal), and a balancing of the equities requires a new trial in my opinion.

. Aube’s counsel contends that his trial notes and Aube’s deposition (which is not in evidence) indicate that Aube estimated that he was 100 to 150 feet away when Walker executed the turn.